## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Michael Palinkas, with the Federal Bureau of Investigation, hereinafter referred to as the FBI, having been duly sworn according to law, depose and state the following:

1. Affiant, Michael Palinkas, is an employee of the Ashtabula Police Department, currently sworn and assigned as a Task Force Officer (TFO) with the Federal Bureau of Investigation Safe Streets Task Force, within the meaning of Section 878(a) of Title 21, United States Code, that is an officer who is empowered by law to conduct investigations, make arrests, execute search warrants, and seize property in connection with violations of Title 18, United States Code and Title 21, United States Code. Affiant is a Lieutenant Detective with the Ashtabula Police Department, and has been employed since 2016. Affiant has previously served as a Special Agent with the Department of Homeland Security, and as an officer with the Geneva Police Department.

## TRAINING AND EXPERIENCE

2. I have received specialized training regarding the identification of narcotic controlled substances and the operation of drug trafficking organizations. I have written and executed search warrants which have resulted in the seizure of illegal drugs and evidence of drug violations. I have supervised the activities of informants who have provided information and assistance in the prosecution of drug offenders. Based upon the above experience, I am familiar with the modus operandi of persons involved in illicit distribution of controlled substances as well as the terminology used by persons involved in the illicit distribution of controlled substances. I am aware that persons involved in the illicit distribution of controlled substances often attempt to conceal their identities, as well as the locations at which drug transactions occur and where drugs and drug records are stored. These individuals are also known to have vehicles,

properties, utilities, and other items purchased in the names of others in order to conceal the association of drug activities with financial transactions. I know that drug traffickers often place assets in the names of spouses and relatives in order to avoid detection and to help shield the assets from seizure and forfeiture by law enforcement authorities. I know that individuals engaged in organized drug distribution and sales maintain extensive contact with persons from whom they receive drugs and with whom they distribute these drugs. Maintaining extensive contact with suppliers, customers, and associates requires that drug traffickers have continuous access to telephone and internet communications, including cellular telephones (traditional and pre-paid). I also know that drug traffickers are increasingly using cellular phones with the ability to send text messages, pictures, video and other electronic forms of communication. Through investigation and training, I have become familiar with the types and amounts of profits made by drug traffickers and the methods, language, and terms which are used to disguise the source and nature of the profits from their illegal drug sales.

3. I am aware that drug traffickers often keep large amounts of U.S. currency on hand, in order to maintain and finance their ongoing narcotics activities and other businesses, as well as for paying bills, acquiring assets, and making other purchases. I am aware that it is common for drug traffickers to secrete contraband, proceeds of drug sales, and records of drug transactions in secure locations within their residences, the residences of their associates, and residences of family members for ready access and to conceal them from law enforcement authorities.

4. I am aware that persons engaged in drug trafficking conceal in their residences and/or other premises they control large amounts of currency, financial instruments, precious metals and gems, jewelry, and other items of value and/or proceeds of drug transactions. Drug

traffickers also use bank safety deposit boxes to store and to safeguard assets derived from drug trafficking activity, to include currency and other valuables.  To help avoid detection, such safety deposit boxes are often obtained in the name of third parties who agree to open and to access the boxes on behalf of the drug trafficker.

5. I am aware that persons engaged in drug trafficking conceal in their residences and/or other properties under their control where drug trafficking activity is conducted: drugs, scales, blenders, baggies, cutting agents, large amounts of cash, money counters, and other items used in preparing, packaging, selling, and transporting narcotics.  To protect drugs and/or proceeds from the sale of drugs, drug traffickers commonly maintain firearms and ammunition at their places of residence and/or other locations under their control where drugs or drug monies are stored.

6. I am aware that individuals involved in narcotics trafficking often maintain records linking them to their trafficking activity and their drug trafficking associates.  These records may include both physical and electronic notes, records or ledgers of narcotics sales, debts owed, past or future shipments, and other records, including telephone records, which identify customers and/or other co-conspirators.  Drug traffickers also commonly maintain at their places of residence and/or other properties they control photographs of associates, controlled substances, firearms, currency and other assets, which serve to memorialize the drug traffickers' activities and perceived accomplishments.  Drug traffickers also maintain at their place of residence financial records relating to assets acquired through drug trafficking activity, to include purchase records, bank records and safety deposit box records.  I am aware that the courts have recognized that unexplained wealth is probative evidence of crimes motivated by greed, in particular, trafficking in controlled substances.

7. The facts contained in this Affidavit are based upon my personal knowledge of the investigation, in addition to the knowledge, training, experience, and the observations of other law enforcement officers. All observations and information referenced below that were not personally made or learned by me were relayed to me by the persons who made such observations or learned such information, to include being provided information verbally or in written format. This Affidavit contains information necessary to support probable cause for this application. This Affidavit is not intended to be a complete review of all topics discussed in interviews or conversations referenced herein. In addition, this Affidavit is not intended to include each and every fact and matter observed or known by me, other law enforcement officers, or the government.

8. I am submitting this affidavit in support of a Criminal Complaint and Arrest Warrant pursuant to the Federal Rule of Criminal Procedure, including Rules 3, 4 and 4.1.

**PROBABLE CAUSE**

9. On May 22nd, 2024, investigators executed a search warrant at 5137 Tuckaho Drive, Andover, OH, hereinafter referred to as the "TARGET ADDRESS". The search warrant was issued in conjunction to a drug trafficking investigation involving the distribution of cocaine and methamphetamine by JORI EZELL (aka: JORI JONES and JORI CUNNINGHAM). EZELL had been identified as utilizing the TARGET ADDRESS for the distribution of drugs.

10. During the execution of the search warrant EZELL was found at the TARGET LOCATION with her four juvenile children. The search resulted in the seizure of two loaded firearms, suspected cocaine, digital scales and drug packaging. The first firearm was located inside the nightstand of the first floor master bedroom and was identified as a Rohm, model RG23, .22 caliber revolver. The serial number, which had been located on the bottom of the

aluminum handle, had been ground off and not visible. The firearm was loaded with six .22 caliber rounds. The second firearm was located in a basement bedroom and was concealed on the bed and under a pillow. The firearm was identified as Smith & Wesson, model M&P Compact, serial number HHK4405, .22 caliber semi-automatic handgun. The firearm was loaded with ten (10) .22 caliber rounds.

11.  EZELL admitted that she occupied the first floor master bedroom and was aware of the firearm being present in the nightstand. EZELL indicated that the basement bedroom was occupied by her children and that the firearm located on the bed belonged to her estranged husband. Various .22 caliber and .357 ammunition was located throughout the residence, including the first floor master bedroom and the basement bedroom, and adjacent seating area/rec room.

### INTERSTATE NEXUS OF FIREARM

12.  On May 22nd, 2024, ATF SA John Sabol, a Firearm Interstate Nexus Expert, was provided the firearm information over the phone for the Rohm, model RG23, .22 caliber revolver, and the Smith & Wesson, model M&P Compact, serial number HHK4405, .22 caliber semi-automatic handgun that were recovered. Based on his training and experience, SA Sabol stated the firearms were not manufactured in the State of Ohio. Thus, the firearms had traveled in interstate commerce.

### PRIOR CRIMINAL RECORD OF JORI EZELL

13.  I have reviewed a computerized criminal history for EZELL, obtained through the National Crime Information Center (NCIC) database, and the United States District Court for the Northern District of Ohio. The criminal history and court records show that EZELL has been convicted of an offense punishable by greater than one year of incarceration. EZELL was

convicted of Interstate Travel in Aid of Racketeering, on or about March 7, 2022, in case number 1:21CR438, in the United States District Court for the Northern District of Ohio. This affidavit is not intended to provide the full scope of EZELL's criminal history.

## CONCLUSION

14. Based upon the above listed facts and circumstances, I believe and assert that there is probable cause to believe that:

    a. On or about the 22nd day of May, 2024, JORI EZELL, aka JORI JONES did knowingly and intentionally possess a firearm after having been convicted of a crime punishable by more than one year of incarceration, in violation of Title 18 U.S.C, 922(g)(1).

15. Based on the foregoing, I respectfully request that a Criminal Complaint and Arrest Warrant be issued for JORI EZELL, aka JORI JONES (DOB: 08/27/1983 and SSN ending in 5394) for the above referenced violation of 18 U.S.C. § 922(g)(1).

Michael Palinkas
Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to me this 23rd day of May, 2024 via telephone after submission by reliable electronic
Means. Fed. R. Crim. P. 4.1 and 41(d)(3).

James E. Grimes Jr., United States Magistrate Judge